**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**FISHERMEN'S & ALLIED WORKERS' UNION, LOCAL #33 OF SAN DIEGO AND SAN PEDRO, INTERNATIONAL LONGSHOREMEN'S AND WAREHOUSEMEN'S UNION, Respondent.**

No. 72–3110.

United States Court of Appeals, Ninth Circuit.

Aug. 31, 1973.

Peter G. Nash, Gen. Counsel, John S. Irving, Deputy Gen. Counsel, Patrick Hardin, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Joseph E. Mayer, Avrum M. Goldberg, NLRB, Washington, D. C., Wilford W. Johansen, Region 21 Director, NLRB, Los Angeles, Cal., for petitioner.

Howard D. Sacks, of Margolis, McTernan, Smith, Scope & Sacks, Wilmington, Cal., for respondent.

Before ELY, WRIGHT and GOODWIN, Circuit Judges.

PER CURIAM:

This is a petition seeking enforcement of a decision and order of the National Labor Relations Board (198 NLRB No. 133). The Board determined that the union (ILWU) and an employer, Epsilon Fishing Co., Inc., d/b/a M/V Denise Marie, violated the National Labor Relations Act by respectively demanding and granting union recognition and executing a labor contract while there was an unresolved question concerning representation. The employer has complied with the portion of the Board's order issued against it.

The Board properly applied the doctrine of Midwest Piping & Supply Co., 63 NLRB No. 1060 (1945). Thereunder an employer may not recognize or enter into a contract with a union when claims by two or more rival unions raise "a real question concerning representation." Here the respondent union demanded and accepted employer recognition claiming to represent a majority of the fishing vessel's employees on the strength of authorization cards from six of the crew's eleven members.

Recognition should not have been demanded or granted, however, because representatives of another union, the Seafarers International Union, had also claimed to represent a majority of employees. In fact, the SIU had signed authorization cards from eight of the eleven crew members.

The ILWU was actually a minority union at the time its contract with the employer was signed. Two of the employees which it had signed had subsequently signed with SIU. See Intalco Aluminum Corp. v. NLRB, 417 F.2d 36, 39 (9th Cir. 1969).

The competing SIU should have been given an opportunity to submit its cards to show that the ILWU represented only a minority of the employees at the time it demanded and accepted the employer's recognition and contract.

The order of the Board will be enforced.